DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Counsel for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:15-CR-00203-RFB |
| | ) |
| ALAN DEMOS, | ) |
| | ) |
| Defendant. | ) |

### SETTLEMENT AGREEMENT FOR ENTRY OF ORDER OF FORFEITURE AS TO EDWARD RUDD AND ORDER

The United States of America and Edward Rudd, through his counsel, James Henderson, agree as follows.

1.     The government brought a One Count Information against Alan Demos for a violation of Title 18, United States Code, Section 1084.  Criminal Information, ECF No. _4_ .

2.     Alan Demos pled guilty to Count One of a One-Count Criminal Information charging him with Transmission of Gambling Information in violation of Title 18, United States Code, Section 1084, and agreed to the forfeiture of property set forth in the Plea Agreement and the Forfeiture

/ / /

Allegation of the Criminal Information. Criminal Information, ECF No. 4 ; Change of Plea, ECF No. 9 ; Plea Agreement, ECF No. 6 .

3.    Edward Rudd knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property:

1. $99,097 in United States Currency;

2. $15,010 in United States Currency;

3. $62,213 in United States Currency;

4. a Western Union $600 money order with blank payee field, number xx-xxxxx0842;

5. a Western Union $110 money order with blank payee field, number xx-xxxxx0843;

6. a Western Union $170 money order with blank payee field, number xx-xxxxx6356;

7. $11,952.75 in United States Currency;

8. $17,304 in United States Currency;

9. $1,475 in United States Currency;

10. $109,900 in United States Currency; and

11. Various jewelry including four (4) white colored stone rings, one (1) white colored bracelet with white stones, one (1) yellow colored bracelet, one (1) yellow colored watch with white stones, four (4) yellow colored rings, three (3) yellow colored pendants, one (1) purple colored stone ring, one (1) green stone ring, one (1) yellow ring with white stone, one (1) green colored pendant, one (1) yellow colored coin, one (1) brown colored pendant, two (2) white colored coins, two (2) yellow colored necklaces, and two (2) yellow pendants with white stones

(all of which constitutes "property").

4.    Edward Rudd knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

/ / /

5.      Edward Rudd knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

6.      Edward Rudd knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes "proceedings") of the property.

7.      Edward Rudd knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

8.      Edward Rudd knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorney regarding the forfeiture and disposition of the property.

9.      Edward Rudd knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

10.     Edward Rudd knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the property.

11.     Edward Rudd knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property.

12.     Edward Rudd knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the property.

13.     Edward Rudd knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

14.     Edward Rudd knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

15. Edward Rudd understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

16. Edward Rudd knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement for Entry of Order of Forfeiture as to Edward Rudd and Order ("Settlement Agreement").

17. Edward Rudd knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, Department of the United States Treasury, Homeland Security Investigations, their agencies, their agents, and their employees from any claim made by him or any third party arising from the facts and circumstances of this case.

18. Edward Rudd knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, Department of the United States Treasury, Homeland Security Investigations, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Edward Rudd now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

19. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

20. The Settlement Agreement contains the entire agreement between the parties.

21. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no

/ / /

party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

22.     Edward Rudd knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made pursuant to this Settlement Agreement, they will receive a notification from the Department of the United States Treasury at the last address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this Settlement Agreement do not affect the tax obligations fines, penalties, or any other monetary obligations **owed** to the United States or an individual state; and (e) the exact sum delivered to James Henderson, on behalf of Edward Rudd, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

23.     After the property is forfeited in the criminal cases and the United States District Court has signed the Settlement Agreements concerning the property, within a practicable time thereafter for the United States, the United States agrees to release to Edward Rudd one payment of $17,304 less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect through James Henderson. Edward Rudd knowingly and voluntarily agrees to fill out the Department of the United States Treasury Automated Clearing House ("ACH") form accurately and correctly and submit it to the United States Attorney's Office so that the payment of the money can be disbursed by electronic fund transfer. Edward Rudd knowingly and voluntarily will agree that the $17,304 may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

24.     Edward Rudd knowingly and voluntarily agrees that various jewelry including four (4) white colored stone rings, one (1) white colored bracelet with white stones, one (1) yellow colored

bracelet, one (1) yellow colored watch with white stones, four (4) yellow colored rings, three (3) yellow colored pendants, one (1) purple colored stone ring, one (1) green stone ring, one (1) yellow ring with white stone, one (1) green colored pendant, one (1) yellow colored coin, one (1) brown colored pendant, two (2) white colored coins, two (2) yellow colored necklaces, and two (2) yellow pendants with white stones, shall be returned to Ralph Rudd, through James Henderson.

25.    Edward Rudd knowingly and voluntarily agrees that $2,135 of $11,952.75 in United States Currency shall be returned to Alan Demos, through James Henderson.

26.    The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

27.    This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law.  The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

28.    Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

29.    This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: _8/18/15_                          DATED: _8/24/15_

JAMES D. HENDERSON                        DANIEL G. BOGDEN
                                          United States Attorney

_James D Henderson_

JAMES D. HENDERSON                         /s/DanielD.Hollingsworth
Counsel for EDWARD RUDD                   DANIEL D. HOLLINGSWORTH
                                          Assistant United States Attorney

DATED: _8/3/15_

_Ed Rudd_

EDWARD RUDD

                        IT IS SO ORDERED:

                        _____
                        UNITED STATES DISTRICT JUDGE
                        DATED: _April 23, 2018_

7